Case 4:19-cv-03570  Document 6  Filed on 10/07/19 in TXSD  Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Pete Vardas, Jr., § <br> Petitioner, § <br> § <br> v. § <br> § <br> Lorie Davis, § <br> Director, Texas Department § <br> of Criminal Justice, Correctional § <br> Institutions Division, § <br> Respondent. § | Civil Action H-19-03570 |

## Memorandum and Recommendation

Pete Vardas, Jr., filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging a parole denial. (D.E. 1.) For the reasons detailed below, the court recommends that Vardas's petition be dismissed with prejudice.

*1. Background*

According to his petition, Vardas is currently serving a nine-year sentence stemming from a 2014 judgment in Dallas County, Texas. He filed his federal petition for writ of habeas corpus by mail on September 16, 2019, challenging a 2018 parole denial.

The court construes Vardas's petition as claiming that the Texas Board of Pardons and Paroles's decision to deny parole violated his constitutional rights. The relief he seeks includes immediate release from confinement. (D.E. 1 at 7.)

*2. Analysis*

"The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.) (citing *Olim v. Wakinekona*, 451 U.S. 238, 250-51 (1983)). There is no protected liberty or property interest in release on parole. *See Malchi v. Thaler*, 211 F.3d 953, 959

(5th Cir. 2000). Therefore, Vardas's claim "simply [does] not assert a federal constitutional violation." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *see Martinez v. Quarterman*, No. H-06-cv-2387, 2006 WL 2090685, at *2 (S.D. Tex. July 25, 2006) (dismissing federal habeas corpus petition claiming Due Process Clause violations in denial of parole). Habeas relief is therefore not available.

*3. Conclusion*

The court recommends that Vardas's petition be dismissed with prejudice.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October 7, 2019.

Peter Bray
United States Magistrate Judge